IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARLES LAFAYETTE MCGEE, #L7157**                                            **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 3:15-cv-811-HTW-LRA**

**JUDGE DAVID CHANDLER,**
**JUDGE TYREE IRVING,**
**JUDGE DONNA BARNES,**
**JUDGE LESLIE KING,**
**JUDGE KENNETH GRIFFIS,**
**JUDGE JOSEPH LEE,**
**JUDGE DAVID ISHEE,**
**JUDGE UNKNOWN MYERS, and**
**JUDGE UNKNOWN BRIDGES**                                                  **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court, sua sponte, for consideration of dismissal. Plaintiff Charles Lafayette McGee, an inmate of the Mississippi Department of Corrections (MDOC), brings this pro se Complaint seeking damages. McGee is proceeding *in forma pauperis* in this case. *See* Order [5]. The named Defendants are the following Judges of the Court of Appeals for the State of Mississippi: Judge David Chandler, Judge Tyree Irving, Judge Donna Barnes, Judge Leslie King, Judge Kenneth Griffis, Judge Joseph Lee, Judge David Ishee, Judge Unknown Myers and Judge Unknown Bridges. The Court, having liberally construed McGee's Complaint [1] in consideration with the applicable law, finds that this case should be dismissed.

**I.     Background**

McGee is currently serving a term of life imprisonment for a conviction of murder. The Mississippi Court of Appeals affirmed his conviction and sentence. *Magee v. State*, 914 So.2d 729 (Miss. Ct. App. 2005). McGee claims that the "COA Judges assigned" to his appeal and

acting "as a group" violated his constitutional rights and civil rights when they ruled on his direct appeal. Compl. [1] at 4. McGee complains that a particular legal rule was not applied to some of the grounds he asserted on appeal. He further complains that issues he raised concerning a speedy trial and competency hearing were "ignored." *Id*. McGee states that he is filing this as a "1985 civil rights conspiracy claim" seeking damages as relief. *Id*.

**II.     Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Court has permitted Plaintiff McGee to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

**A.  Judicial Immunity**

The Defendants, as Judges of the Mississippi Court of Appeals, enjoy absolute immunity from damages when performing acts within their judicial capacity. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

In determining whether a judge acted within the scope of his judicial capacity, the court considers four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's

chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Ballard v. Wall,* 413 F.3d 510, 515 (5th Cir. 2005) (citing *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)). In applying the four factors, it is clear that the Defendants' actions were "judicial in nature." *Id.* at 517. Likewise, there are no claims that the Defendants lacked jurisdiction over McGee's appeal. Therefore, Judges Chandler, Irving, Barnes, King, Griffis, Lee, Ishee, Myers and Bridges are entitled to absolute immunity from the claims presented in this suit. *See e.g., Jackson v. Waller*, 608 F. App'x 245, 245 (5th Cir. 2015) (finding Judge entitled to absolute immunity in prisoner's suit brought under §§ 1985, 1981).

### B. *Heck v. Humphrey*

McGee's claims regarding the validity of his criminal conviction are also subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, where a claim for damages would "necessarily imply" the invalidity of a conviction, such a claim is not cognizable unless and until the plaintiff obtains a favorable resolution of a challenge to his conviction. *Id*. at 487; *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the court were to find in McGee's favor and determine that his criminal conviction is unconstitutional, it would necessarily imply the invalidity of his current term of imprisonment. McGee fails to demonstrate that his criminal conviction has been invalidated by any of the means set forth in *Heck*.[1] Therefore, McGee's claims for monetary damages that necessarily

---

[1] McGee is currently litigating a habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court. *See McGee v. Banks*, no. 1:15-cv-218-HSO-JCG (S.D. Miss.). Any habeas claims McGee may be asserting in this civil action are dismissed without prejudice to McGee's pursuit of these claims in his pending habeas corpus case.

imply the invalidity of his imprisonment are barred by *Heck v. Humphrey*. *See Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999) (holding *Heck* applies to claims under § 1985); *Dolney v. Lahammer*, 70 F.Supp.2d 1038, 1043 (D.S.D. 1999)(same)(collecting cases).

### III. Conclusion

The Court has considered the pleadings and applicable law. For the reasons stated, this civil action is dismissed as frivolous and as seeking relief against defendants who are immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 22nd day of December, 2015.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE